UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>JOSE MILLAN,<br><br>        Defendant. | No. 2:14-cr-00160-GEB<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

Defendant Jose Millan moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based upon the Sentencing Commission's passage of Amendment 782, which generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels. (Def.'s Mot., ECF No. 46.)

The government opposes Defendant's motion, arguing that "the defendant does not qualify for a sentence reduction." (Gov't Opp'n 3:19-20, ECF No. 50.) The government argues:

> In this case, defendant's sentencing range has not changed because the amount of controlled substances attributed to him still results in the same guideline range. . . . Here, the defendant was responsible for 4.27 kilograms of methamphetamine (actual), PSR ¶ 23, resulting in a base offense level of 36 under § 2D1.1(c)(2). PSR ¶ 23. After Amendment 782, this quantity of controlled substance still results in a base offense level 36. U.S.S.G. § 2D1.1(c)(2) (establishing base offense level 36 for crimes involving between 1.5 and 4.5

1

> kilograms of methamphetamine (actual)). Thus, after application of the same guideline reductions (safety valve and acceptance of responsibility), defendant's total offense level of 31 remains unchanged. PSR ¶ 84. Accordingly, because defendant's offense level is unaffected by Amendment 782, his guideline range remains the same today as it was during his original sentencing.

(Id. at 3:25-4:10.)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007)).

> However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: **(1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission";** and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Id. (emphasis added) (quoting 18 U.S.C. § 3582(c)(2)).

Defendant has not shown that his sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Therefore, 18 U.S.C. § 3582(c)(2) is inapplicable and cannot be used to lower his sentence. Accordingly, Defendant's motion for reduction of sentence is DENIED.

Dated: September 15, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge